UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWIGHT ALLEN,                            Case No. 1:12-cv-652
      Petitioner,                             Beckwith, J.
                                               Litkovitz, M.J.
   vs.

WARDEN, WARREN                    **REPORT AND**
CORRECTIONAL INSTITUTION,       **RECOMMENDATION**
      Respondent.

      Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss the petition on the ground that it is time-barred under 28 U.S.C. § 2244(d). (Doc. 12). Petitioner has filed a brief opposing respondent's motion. (Doc. 17).

**I. PROCEDURAL HISTORY**

**State Trial Proceedings**

      In June 1992, the Hamilton County, Ohio, grand jury returned an indictment in Case No. B-924670, charging petitioner with one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11; one count of attempted aggravated murder in violation of Ohio Rev. Code § 2923.02; two counts of rape in violation of Ohio Rev. Code § 2907.02; and one count of felonious assault in violation of Ohio Rev. Code § 2903.11. (Doc. 12, Ex. 1). It appears from the record that after the victim of the attempted aggravated murder died in August 1992, that count was dismissed, and a separate indictment was returned in Case No. B-926654 charging petitioner with

two counts of aggravated murder.  (*See id.*, Ex. 7; Ex. 19, p. 4).  The Ohio Court of Appeals, First Appellate District, has provided the following summary of the facts that led to petitioner's indictments:

> The events . . . occurred late in the evening hours of June 6, 1992, and in the early morning hours of June 7, 1992.  At the time, appellant and Melanie Allen, appellant's wife of approximately five years, were separated.  Melanie and her daughter, B[.], had left the family home in March 1992, and had moved in with [Retha] Crutchfield at her one-bedroom apartment.
>
> Appellant had seen both Melanie and B[.] early in the day on June 6, 1992, and he had tried unsuccessfully to reach Melanie by telephone at Mrs. Crutchfield's apartment later that evening.  Appellant canvassed the city searching for Melanie and, at some point late in the evening, parked his car in front of Mrs. Crutchfield's apartment and waited for Melanie to return.
>
> Mrs. Crutchfield saw appellant waiting outside the apartment and went out to the curb to tell him to leave.  Appellant did not go home.  Instead, he moved his car farther down the street and then entered Mrs. Crutchfield's apartment with an iron weight-lifting bar tucked into his pants.  According to appellant, he was initially admitted into Mrs. Crutchfield's apartment with her permission, although she made it clear that she did not want him to stay.  After she told him to leave for the second or third time, and in no uncertain terms, appellant struck Mrs. Crutchfield in the head with the iron bar, and she fell unconscious to the floor.  Mrs. Crutchfield remained in a coma until her death several weeks later.
>
> Appellant remained in the apartment after the assault on Mrs. Crutchfield.  He went to the bedroom where his stepdaughter was sleeping, took off all his clothes, and climbed into bed with the then thirteen-year-old.  According to B[.], appellant awoke her and proceeded to "lick" her vagina and place his penis between her buttocks.  Appellant denied the allegation, contending that he fell asleep next to B[.] and spontaneously ejaculated onto B[.] and the bed linen.
>
> Melanie arrived home at approximately 6:00 a.m.  She alleged that appellant grabbed her, threw her to the floor, pulled her pants down and felt her vagina, demanding to know where and with whom she had been.  A neighbor overheard Melanie and B[.] screaming and called the police.  While in custody, appellant admitted to "losing it" and to striking Mrs. Crutchfield and raping B[.]
>
> Appellant initially was charged, under indictment B-924670, with aggravated burglary, attempted aggravated murder of Retha Crutchfield, two counts of rape

(cunnilingal and anal) of B[.], and felonious assault of Melanie Allen. After Retha Crutchfied died on August 17, 1992, the attempted aggravated murder count in indictment B-924670 was dismissed, and appellant was separately indicted under the number B-926654 on two counts of aggravated murder. The first count alleged prior calculation and design, and the second count alleged felony murder, with each count having capital specifications based on the underlying felonies of rape and aggravated burglary.

(*Id.*, Ex. 19, pp. 2-4).[1]

The two cases were consolidated and proceeded to trial before a jury. (*See id.*, Exs. 5-6). The trial court granted petitioner's motion for judgment of acquittal on the anal rape charge, and the jury acquitted petitioner on the felonious assault count. (*Id.*, Exs. 14, 19). The jury found petitioner guilty of the remaining charges and recommended that a life sentence be imposed for each aggravated murder offense. (*See id.*, Exs. 14-15; Ex. 19, p. 4).

On March 3, 1993, the trial court issued final judgment entries in the two cases. In Case No. B-924670, petitioner was sentenced to consecutive terms of imprisonment of "ten (10 actual) to twenty-five (25) years" for the aggravated burglary and rape offenses, which were to run consecutively to the sentence imposed in Case No. B-926654. (*Id.*, Ex. 14). In Case No. B-926654, the court merged the aggravated murder charges in accordance with Ohio Rev. Code § 2941.25 and sentenced petitioner to a life term of imprisonment "with parole after serving thirty (30) years" in prison. (*Id.*, Ex. 15).

---

[1] The Ohio appellate court summarized the facts based on evidence presented at petitioner's trial in a decision issued on May 25, 1994, affirming the trial court's judgments of conviction and sentence in the two cases. 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." In the absence of clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings, those findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

**State Appeal Proceedings**

With the assistance of new counsel for appeal purposes, petitioner filed a timely notice of appeal to the Ohio Court of Appeals, First Appellate District.  (Doc. 12, Ex. 16).  In the appellate brief filed on petitioner's behalf, counsel presented the following assignments of error:

1. The trial court erred in entering judgment of conviction of . . . aggravated murder on Count 1 (prior calculation and design), because such judgment is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that there was insufficient evidence adduced to establish each and every element of the offense beyond a reasonable doubt.

2. The judgment of conviction of aggravated murder in Count 1 (prior calculation and design) is contrary to the manifest weight of the evidence.

3. The trial court erred in entering judgment of conviction of . . . aggravated murder on Count 2 (felony murder), because such judgment is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that there was insufficient evidence adduced to establish each and every element of the offense beyond a reasonable doubt.

4. The judgment of conviction of aggravated murder in Count 2 (felony murder) is contrary to the manifest weight of the evidence.

5. The trial court erred to the prejudice of appellant in entering judgment of conviction of rape, because such judgment is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that there was insufficient evidence adduced to establish each and every element of the offense beyond a reasonable doubt.

6. The judgment of conviction of rape is contrary to the manifest weight of the evidence.

7. The conviction of the rape specification to both aggravated murder counts is contrary to the manifest weight of the evidence.

8. The judgment of conviction of the specification to the aggravated murder count based upon rape is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that there was insufficient evidence adduced to establish each and every element of the of the specification beyond a reasonable doubt.

9. The trial court erred to the prejudice of appellant in entering judgment of conviction of aggravated burglary, because such judgment is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that there was insufficient evidence adduced to establish each and every element of the offense beyond a reasonable doubt.

10. The judgment of conviction of aggravated burglary is contrary to the manifest weight of the evidence.

11. The judgment of conviction of the specification to the aggravated murder count based upon aggravated burglary is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that there was insufficient evidence adduced to establish each and every element of the of the specification beyond a reasonable doubt.

12. The conviction of the aggravated burglary specification to both aggravated murder counts is contrary to the manifest weight of the evidence.

13. The trial court erred to the prejudice of appellant by overruling his objections to the opinion testimony of an expert witness of the State, and in admitting such evidence, in violation of appellant's right to due process.

14. The trial court erred to the prejudice of appellant by entering judgment of conviction of any degree of homicide in the absence of admissible evidence of the cause of death.

(*Id.*, Ex. 17).

On May 25, 1994, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 19).

With the assistance of his appellate counsel, petitioner pursued a timely appeal to the Ohio Supreme Court. (*Id.*, Ex. 20). On October 19, 1994, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 21).

## State Post-Conviction Proceedings

5

Petitioner took no further action to challenge his convictions or sentences until June 9, 2010, over fifteen and one-half years later, when he filed a *pro se* motion with the trial court entitled "Motion To Vacate A Void Sentence For Lack Of Subject Matter Jurisdiction And/Or Petition For Post-Conviction Relief Per R.C. 2953." (Doc. 12, Ex. 22). In the motion, petitioner contended that the indictments in Case Nos. B-924670 and B-926654 were defective and that his trial counsel was ineffective for failing "to ensure that Defendant was tried pursuant to a lawful indictment." (*See id.*). The State responded by filing a motion to dismiss the post-conviction motion as untimely. (*Id.*, Ex. 23). On June 21, 2010, the trial court granted the State's motion to dismiss. (*Id.*, Exs. 25-26). In the separate entries filed in the two criminal cases, the court stated: "The defendant's petition was untimely and therefore, the Court does not have jurisdiction over this matter." (*Id.*).

Petitioner appealed the trial court's decisions to the Ohio Court of Appeals, First Appellate District. (*See id.*, Ex. 32). Petitioner asserted as the sole assignment of error that the "Trial Court Erred and Abused Its Discretion When It Failed to Address the Issue of Subject Matter Jurisdiction Which, By State and Federal Law, May Be Raised At Any Time." (*Id.*). On November 10, 2011, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgments. (*Id.*, Ex. 34). The court reasoned that petitioner's motion was "reviewable as a postconviction petition under the standards provided by R.C. 2953.21 et seq. and was subject to dismissal for lack of jurisdiction." (*Id.*, p. 2). The court also reasoned that "while a trial court retains jurisdiction to correct a void judgment," the "defective-indictment claim" that petitioner had raised "was forfeitable." (*Id.*).

Petitioner thereafter filed a timely appeal with the Ohio Supreme Court. (*Id.*, Ex. 37). In

6

his memorandum in support of jurisdiction, he presented the following propositions of law:

> 1. When a criminal defendant raises a claim of subject-matter jurisdiction in the trial court, that claim should not be ignored, especially when there is no indictment, and the rule of lenity favors the position of the defendant.
>
> 2. When charging instruments are used against a criminal defendant in Ohio, due process demands that any paper connected with such instrument be paginated to prove that it is one cohesive document.

(*Id.*, Ex. 38).

On March 7, 2012, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 39).

### Federal Habeas Corpus Petition

Petitioner filed his federal habeas petition on August 26, 2012. (*See* Doc. 1).[2] In the petition, petitioner alleges the following claim as the sole ground for relief:

> **GROUND ONE:** PETITIONER WAS DENIED DUE PROCESS AS THE STATE COURTS LACKED SUBJECT MATTER JURISDICTION DUE TO THERE BEING NO CHARGING INSTRUMENT PER OLSEN V. MCFAUL, 843 F.2d 918, 930 (6TH CIR. 1988).
>
> **SUPPORTING FACTS:** The purported charging instrument in Petitioner's case was merely a collection of papers that failed to assure that all papers belonged to one cohesive document. Although there was a page attached as the last page to this collection of papers which bore a purported grand jury foreperson's signature, there is no proof whatsoever that this page was part of, or belonged to/with, any of the other pages, since it did not bear Petitioner's name, case number, or any reference to any crime(s) allegedly committed by Petitioner. In fact, on Page 920 of the transcript of Petitioner's trial, the Prosecution states emphatically "The

---

[2] The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). In his petition, petitioner claims that he placed his petition in the prison mailing system on August 26, 2012. (*See* Doc. 1, p. 16). Because the petition was also stamped as "filed" on the same date, both the presumed and actual filing date of the petition is August 26, 2012.

>   reason that we have in the record another response is that if you remember <u>there was no indictment</u> and I filed discovery in both cases." This proves that the trial court <u>and</u> Petitioner's trial attorney knew that there was no indictment, save a makeshift one that was filed later. No indictment means no jurisdiction.

(*Id.*, p. 6).

In the motion to dismiss filed in response to the petition, respondent argues that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 12, Brief, pp. 10-18). On October 10, 2013, the Court permitted petitioner to file a brief in opposition to the motion to dismiss. (*See* Docs. 17-18).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 12) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the

pendency of a properly filed application for state post-conviction relief or other collateral review.

The limitations provisions set forth in § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply to the case-at-hand. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, nor has he alleged facts indicating that he was prevented from filing a timely habeas petition by any state-created impediment to filing.

In addition, the provision set forth in § 2244(d)(1)(D) is inapplicable because the factual predicate for petitioner's defective-indictment claim was "evident from the face of the indictment" and thus discoverable in the exercise of due diligence before the conclusion of direct review or expiration of time for seeking such review. *See Dixon v. Jeffreys*, No. 2:11cv086, 2011 WL 6009695, at *3 (S.D. Ohio Oct. 5, 2011) (Deavers, M.J.) (Report & Recommendation) (and cases cited therein) (rejecting the petitioner's argument that the statute of limitations began to run under § 2244(d)(1)(D) when he later realized the "legal significance of facts" relevant to his defective-indictment claim), *adopted*, 2011 WL 6019102 (S.D. Ohio Dec. 1, 2011) (Graham, J.). In any event, petitioner bears the burden of persuading the court of his due diligence in searching for the factual predicate of his claim. *See Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). Petitioner has not stated when he discovered the alleged defects in the indictments and has provided no explanation as to why he waited over fifteen years after his conviction became final to seek relief from either the state or federal courts based on such a claim. In the absence of any evidence in the record even remotely suggesting that the factual predicate of petitioner's sole ground for relief could not be earlier discovered through the exercise of due diligence, the undersigned concludes that the one-year

9

statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) governs petitioner's claim. *Cf. Morris v. Woods*, No. 12-13598, 2013 WL 1326493, at *3 (E.D. Mich. Apr. 1, 2013) (holding the petitioner was not entitled to a delayed start to the limitations period under § 2244(d)(1)(D) on the basis of "newly discovered evidence" where the petitioner did "not say when he discovered this evidence" or provide any explanation for his delay in seeking federal habeas relief); *Johnson v. Burt*, No. 2:06cv15194, 2012 WL 113457, at *3-4 (E.D. Mich. Jan. 13, 2012) (holding that even under § 2244(d)(1)(D), the petition was untimely where the petitioner did not begin to assert his claims in the state courts until over ten years after he should have discovered the factual predicate for his claims).

Under § 2244(d)(1)(A), the statute of limitations begins to run when the challenged judgment of conviction and sentence is rendered "final" by the conclusion of direct review or the expiration of time for seeking such review. Here, petitioner's conviction became final in January 1995, when the 90-day period expired for filing a petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's final ruling on October 19, 1994 in the state appeal proceedings. *See Gonzalez v. Thaler,* __ U.S. __, 132 S.Ct. 641, 653-54 (2012); *Jimenez v. Quarterman,* 555 U.S. 113, 119-20 (2009) (citing *Clay v. United States*, 537 U.S. 522, 527-28 & n.3 (2003), and *Lawrence v. Florida,* 549 U.S. 327, 333-35 (2007)). The Sixth Circuit has held that prisoners like petitioner, whose convictions were finalized prior to the AEDPA's enactment on April 24, 1996, are entitled to a one-year grace period, from April 24, 1996 to April 24, 1997, in which to file a timely federal habeas petition. *See, e.g., Stokes v. Williams,* 475 F.3d 732, 734 (6th Cir. 2007) (per curiam); *Griffin v. Rogers,* 399 F.3d 626, 632 (6th Cir. 2005); *McSwain v. Davis*, 287 F. App'x 450, 452 (6th Cir. 2008). Therefore, as respondent has argued in

the motion to dismiss (*see* Doc. 12, Brief, p. 11), the statute of limitations began to run in this case on April 24, 1996, and expired one year later on April 24, 1997, absent application of statutory or equitable tolling principles.

During the one-year grace period, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, petitioner did not file any application for post-conviction relief or other collateral review in the state courts during the one-year limitations period that ended on April 24, 1997. His motion for post-conviction relief filed with the trial court on June 9, 2010 could not serve to toll the limitations period, which had run its course over thirteen years earlier. Therefore, petitioner is not entitled to statutory tolling under § 2244(d)(2).

The AEDPA's statute of limitations is also subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*,

11

624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not shown that he was prevented by some extraordinary circumstance from seeking federal habeas relief prior to the expiration of the limitations period on April 24, 1997. Nor has petitioner demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Petitioner has presented no new evidence to support an actual innocence claim. Although he has in the past challenged the sufficiency of evidence supporting his convictions, actual innocence means factual innocence, not mere legal insufficiency. *House v. Bell,* 547 U.S. 518, 538 (2006); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United*

12

*States,* 523 U.S. 614, 623 (1998)); *Wright v. Lazaroff*, 643 F. Supp.2d 971, 989 (S.D. Ohio 2009) (Barrett, J.; Hogan, M.J.); *see also Vanwinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011).

Petitioner has argued in his opposition memorandum that the statute of limitations does not pose a bar to review of his claim challenging the validity of the judgment of conviction and sentence on jurisdictional grounds, because such claims may be raised at any time. (*See* Doc. 17). However, habeas petitioners cannot evade the AEDPA's statute of limitations "by the simple expedient of arguing that [the challenged] conviction is void." *Tackett v. Warden, Chillicothe Corr. Inst.*, No. 1:11cv450, 2012 WL 2094365, at *6 (S.D. Ohio June 11, 2012) (Bowman, M.J.) (Report & Recommendation) (quoting *Saunders v. Clarke,* No. 3:11cv170, 2012 WL 1580427, at *1 (E.D. Va. May 4, 2012); *Preston v. Thaler,* Civ. Act. No. H-10-1647, 2010 WL 3339225, at *3 (S.D. Tex. Aug. 23, 2010)), *adopted*, 2012 WL 3023260 (S.D. Ohio July 24, 2012) (Beckwith, J.). In *Tackett, supra*, 2012 WL 2094365, at *6, the petitioner similarly argued without success that the statute of limitations did not apply to bar review of his jurisdictional claims based on defects in the indictment, jury verdict, and final judgment entry. *See also Worthy v. Warden, Chillicothe Corr. Inst.,* No. 2:12cv652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (Sargus, J.) (citing *Frazier v. Moore*, 252 F. App'x 1, 4-5 (6th Cir. 2007), in rejecting the petitioner's contention that the statute of limitations did not apply because his convictions and sentences were rendered void by the amendment of his indictment without resubmission to the grand jury); *Golson v. Brunsman,* No. 3:08cv012, 2008 WL 1733154, at *2 (S.D. Ohio Apr. 14, 2008) (Rice, J.; Merz, M.J.) (in rejecting the petitioner's argument that his claim of jurisdictional defects was not barred from review by the AEDPA's statute of limitations, the court stated: "While it is true that a conviction entered by a court without jurisdiction is void, that does not imply that the

statute of limitations enacted by Congress for habeas corpus actions does not apply to claims of lack of subject matter jurisdiction."); *Peoples v. Jackson,* No. 1:05cv573, 2007 WL 852229, at *4, *13 (S.D. Ohio Mar. 19, 2007) (Barrett, J.; Hogan, M.J.) (holding that the statute of limitations applied to bar review of the petitioner's claim of a "structural defect" that voided the judgment of conviction); *United States ex rel. Wahl v. Sims,* No. 08 CV 1383, 2009 WL 307965, at *2 (N.D. Ill. Feb. 5, 2009) (holding that the federal habeas petition was time-barred and not subject to equitable tolling "regardless of [the petitioner's] assertion that his indictment was void"). Like the petitioner in *Frazier* and other cases cited above, because petitioner "is in custody pursuant to a judgment of the Ohio courts, even if that judgment may not be valid under state law, he is subject to 28 U.S.C. § 2244(d)'s one year statute of limitations in filing his federal habeas petition." *See Frazier*, 252 F. App'x at 4-5.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's convictions and sentences became "final" in January 1995, prior to the AEDPA's enactment on April 24, 1996. Therefore, petitioner was entitled to a one-year grace period, from April 24, 1996 to April 24, 1997, in which to file a timely federal habeas petition. Neither statutory nor equitable tolling principles apply in this case to extend the limitations period, which expired on April 24, 1997, or to otherwise avoid the statute of limitations bar to review. Therefore, respondent's motion to dismiss (Doc. 12) should be **GRANTED** on the ground that the instant habeas corpus petition filed on August 26, 2012, over fifteen years after the statute of limitations had run its course, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 12) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to petitioner's sole ground for relief, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.

Although the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred ground for relief, *see Slack,* 529 U.S. at 484, it is further noted that petitioner has not alleged a cognizable claim for federal habeas relief. It is well-settled that there is no federal constitutional right to an indictment in state criminal proceedings. *Hurtado v. California,* 110 U.S. 516, 537-38 (1884); *see also Branzburg v. Hayes,* 408 U.S. 665, 688 n.25 (1972); *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. . . . It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."); *Watson v. Jago,* 558 F.2d 330, 337 (6th Cir. 1977); *Fears v. Miller*, No. 1:09cv698, 2009 WL 6315341, at *9 (N.D. Ohio Dec. 1, 2009) (Report & Recommendation), *adopted,* 2010 WL 1258096 (N.D. Ohio Mar. 30, 2010); *Harsh v. Warden, Chillicothe Corr. Inst.*, No. 1:08cv433, 2009 WL 3378246, at *1, *20 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.). As long as "sufficient notice of the

charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz,* 731 F.2d at 369; *Watson,* 558 F.2d at 338; *see also Williams v. Haviland,* 467 F.3d 527, 535 (6th Cir. 2006). Petitioner has not alleged that the indictments failed to provide him with sufficient notice of the essential elements of the criminal charges for the purpose of preparing an adequate defense. At most, petitioner alleges that the indictments failed to comply with certain state statutory requirements and procedural rules. However, this Court has jurisdiction to review the state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Wilson v. Corcoran,* __ U.S. __, 131 S.Ct. 13, 16 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). *Cf. Watley v. Warden Bobby,* No. 1:09cv306, 2010 WL 3257662, at *2 (S.D. Ohio July 6, 2010) (Merz, M.J.) (Report & Recommendation) ("whether the Indictment is defective under Ohio law is irrelevant in a federal habeas corpus case"), *adopted*, 2010 WL 3257647 (S.D. Ohio Aug. 17, 2010) (Beckwith, J.). Therefore, because petitioner has raised only issues of state-law in his petition, he has not stated a viable claim that may be remedied in this proceeding. *Cf. Brooks v. Warden, Southern Ohio Corr. Facility*, No. 1:10cv953, 2011 WL 6950705, at *5-6 (S.D. Ohio Dec. 8, 2011) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein) (similarly holding that that the petitioner's allegations of defects in the indictment amounted, at most, to claims of error under Ohio law that were "insufficient to give rise to a cognizable constitutional claim" subject to federal habeas review), *adopted*, 2012 WL 27584 (S.D. Ohio Jan. 5, 2012) (Dlott, J.).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   11/22/2013                             s/Karen L. Litkovitz
                                               Karen L. Litkovitz
                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWIGHT ALLEN,                                    Case No. 1:12-cv-652
     Petitioner,

                                                      Beckwith, J.
     vs                                                 Litkovitz, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
     Respondent.

**NOTICE**

     Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc